FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 05, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHELLE NICOLE RIDDLE,<br><br>    Plaintiff,<br><br>    v.<br><br>DISTRICT COURT OF WASHINGTON FOR YAKIMA COUNTY,<br><br>    Defendant. | No. 1:25-CV-03151-RLP<br><br>ORDER DISMISSING COMPLAINT WITH PREJUDICE |

Before the Court is Plaintiff Michelle Nicole Riddle's Complaint, ECF No. 1. Ms. Riddle appears *pro se*. The Court granted Ms. Riddle leave to proceed *in forma pauperis*. ECF No. 6. The Complaint has not been served. For the reasons discussed below, Ms. Riddle's Complaint is dismissed with prejudice.

### LEGAL STANDARD

A plaintiff proceeding *in forma pauperis* under 28 U.S.C. § 1915 is subject

ORDER DISMISSING COMPLAINT ~ 1

to *sua spone* review of his or her complaint, and mandatory dismissal, if the complaint is "frivolous, malicious, fail[s] to state claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 575 U.S. 532, 537-38, 135 S.Ct. 1759 (2015); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim.")

A complaint must contain a short and plain statement that a plaintiff is entitled to relief, FRCP 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id*. at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr*., 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim" - a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

A claim is legally frivolous when it lacks an arguable basis either in law or

ORDER DISMISSING COMPLAINT ~ 2

in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327

## ANALYSIS

Ms. Riddle names as Defendant the District Court of Washington for Yakima County, which is immune from suit under the Eleventh Amendment. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. The Eleventh Amendment bars federal suits against states as well as arms of the state, "regardless of the nature of relief sought." *Crowe v. Or. State Bar*, 989 F.3d 714, 730 (9th Cir. 2021) (citing *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984)). State courts are "arms of the state" and are entitled to Eleventh Amendment immunity. *See Simmons v. Sacramento County Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003). Accordingly, Ms. Riddle's suit against the District Court of Washington for Yakima County must be dismissed.

ORDER DISMISSING COMPLAINT ~ 3

As noted above, frivolous *in forma pauperis* complaints may be dismissed before service of process pursuant to 28 U.S.C. § 1915. *Neitzke,* 490 U.S. at 324. A complaint is frivolous if "it lacks an arguable basis in law or in fact." *Id.* at 325. Leave to amend is not necessary if it is clear that the deficiencies in the complaint cannot be cured by amendment. *Franklin v. Murphy,* 745 F.2d 1221, 1228 n.9 (9th Cir. 1984). Because the District Court of Washington for Yakima County is named as defendant, the claim fails as a matter of law and is therefore frivolous. Amendment of the pleadings will not allow Ms. Riddle to maintain an action against this defendant.

**ACCORDINGLY, IT IS ORDERED** that the Complaint, ECF No. 1, is DISMISSED WITH PREJUDICE. The case is CLOSED.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and provide a copy to Ms. Riddle.

**DATED** November 5, 2025.



REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER DISMISSING COMPLAINT ~ 4